**PELTON & ASSOCIATES PC**
Brent E. Pelton
Taylor B. Graham
Alison G. Lobban
111 Broadway, Suite 1503
New York, NY 10006
Telephone: (212) 385-9700
Facsimile: (212) 385-0800

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| **JONATHAN HALL, CERRISA ANGEL GREEN, NIVIA WILSON, SINDY DE LA HOZ OCAMPO, TIFFANY GUADALUPE, ROBERT REITH, DAVID SCHWARTZBERG, NICOLE THOMPSON and MONA LIVAI, Individually and on Behalf of All Others Similarly Situated,**<br><br>**Plaintiffs,**<br><br>-against-<br><br>**PROSOURCE TECHNOLOGIES, LLC,**<br><br>**Defendant.** | **CLASS & COLLECTIVE ACTION COMPLAINT**<br><br>**Jury Trial Demanded** |

## NATURE OF THE ACTION

1.     Plaintiffs are case managers and case leads for Defendant ProSource Technologies, LLC ("ProSource" or "Defendant") who perform clerical work in aiding homeowners with filing for rebuilding and revitalization assistance pursuant to ProSource's contract with the State of New York under the New York Rising Community Reconstruction Program ("NY Rising Program").

2.     Plaintiffs bring this action to recover unpaid overtime wages owed to them pursuant to both the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.* and the New

York Labor Law ("NYLL"), §§ 650 *et seq*.  Plaintiffs bring their FLSA claims on behalf of themselves, all case managers, lead case managers/case leads, site managers, and all other similarly situated employees of Defendant, and their NYLL overtime claims on behalf of themselves and a Federal Rule of Civil Procedure 23 ("Rule 23") class of all case managers, case leads, site managers and all other similarly situated employees working for Defendants in New York.

3.      Plaintiffs also bring this action to recover damages due to Defendant's violations of the wage notice provisions under Article 6 of the NYLL §§ 190 *et seq*.  Plaintiffs bring their NYLL wage notice claims on behalf of a Rule 23 class of all employees working for Defendants in New York.

## JURISDICTION AND VENUE

4.      This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331, 1337, and 1343, and supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367.  In addition, the Court has jurisdiction over Plaintiffs' claims under the FLSA pursuant to 29 U.S.C. § 216(b).

5.      Venue is proper in this district pursuant to 28 U.S.C. § 1391.

6.      This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

## THE PARTIES

**Plaintiffs:**

7.      Plaintiff Johnathan Hall ("Hall") has been, at all relevant times, an adult individual residing in Suffolk County, New York.

8.      Plaintiff Hall has been employed with Defendant as a case manager at

Defendant's Farmingdale, New York office from in or around July 15, 2013 through the present.

9.  Plaintiff Cerrisa Angel Green ("Green") has been, at all relevant times, an adult individual residing in Suffolk County, New York.

10.  Plaintiff Green has been employed with Defendant as a case manager at Defendant's Farmingdale, New York office from in or around July 15, 2013 through the present.

11.  Plaintiff Nivia Wilson ("Wilson") has been, at all relevant times, an adult individual residing in Suffolk County, New York.

12.  Plaintiff Wilson has been employed with Defendant as a case manager at Defendant's Farmingdale, New York office from in or around July 29, 2013 through the present.

13.  Plaintiff Sindy De La hoz Ocampo ("Ocampo") has been, at all relevant times, an adult individual residing in Suffolk County, New York.

14.  Plaintiff Ocampo has been employed with Defendant as a case manager at Defendant's Farmingdale, New York office from in or around July 22, 2013 through the present.

15.  Plaintiff Tiffany Guadalupe ("Guadalupe") has been, at all relevant times, an adult individual residing in Suffolk County, New York.

16.  Plaintiff Guadalupe has been employed with Defendant as a case lead at Defendant's Farmingdale, New York office from in or around June 17, 2013 through the present.

17.  Plaintiff Robert Reith ("Reith") has been, at all relevant times, an adult individual residing in Suffolk County, New York.

18.  Plaintiff Reith has been employed with Defendant as a case manager at Defendant's Farmingdale, New York office from in or around June 17, 2013 through the present.

19.  Plaintiff David Schwartzberg ("Schwartzberg") has been, at all relevant times, an adult individual residing in Suffolk County, New York.

20.     Plaintiff Schwartzberg has been employed with Defendant at Defendant's Farmingdale, New York office from in or around September 30, 2013 through the present. Plaintiff Schwartzberg was initially employed with Defendant as an administrator and, in or around November 18, 2013, was promoted to case manager.

21.     Plaintiff Nicole Thompson ("Thompson") has been, at all relevant times, an adult individual residing in Suffolk County, New York.

22.     Plaintiff Thompson has been employed with Defendant as a case manager at Defendant's Farmingdale, New York office from in or around July 5, 2013 through the present.

23.     Plaintiff Mona Livai ("Livai") has been, at all relevant times, an adult individual residing in Suffolk County, New York.

24.     Plaintiff Livai has been employed with Defendant as a case manager at Defendant's Farmingdale, New York office from in or around June 17, 2013 through the present.

25.     Plaintiffs consent in writing to be a party to this action, pursuant to 29 U.S.C. § 216(b), and their written consent forms are attached hereto and incorporated by reference.

**Defendant:**

26.     Upon information and belief, Defendant ProSource is an active Foreign Limited Liability Company licensed to conduct business in New York with its principle place of business at 9219 East River Road NW, Minneapolis, MN 55433.

27.     Throughout the relevant time period, Defendant ProSource contracted with the State of New York to perform services in connection with the NY Rising Program.

## COLLECTIVE ACTION ALLEGATIONS

28.     Pursuant to 29 U.S.C. § 207, Plaintiffs bring their First Cause of Action as a collective action under the FLSA on behalf of themselves and all other case managers, lead case managers/case leads and site managers (the "Collective Action Members") who are or were

4

employed by the Defendant since April 18, 2011 and through the entry of judgment in this case (the "Collective Action Period").

29.     A collective action is appropriate in this circumstance because Plaintiffs and the Collective Action Members are similarly situated, in that they were all subjected to Defendant's illegal policies including, but not limited to classifying their positions as "exempt" notwithstanding the fact that the employees in these jobs did not primarily perform exempt duties, failing to compensate them for overtime hours they worked, and paying a pro-rated hourly basis instead of their purported salary for working fewer than 40 hours in a given workweek. As a result of these policies, Plaintiffs and the Collective Action Members did not receive the legally required overtime premium payments for all hours worked in excess of forty (40) per week.

30.     Plaintiffs and the Collective Action Members have substantially similar job duties and compensation structures.

## RULE 23 CLASS ALLEGATIONS – NEW YORK LABOR LAW
### UNPAID OVERTIME

31.     Pursuant to the NYLL, Plaintiffs bring their Second Cause of Action under Rule 23 of the Federal Rules of Civil Procedure on behalf of themselves and all other case managers, lead case managers/case leads, and site managers who were employed by Defendant within New York (the "Overtime Class Members") at any time since April 18, 2008 and through the entry of judgment in this case (the "Overtime Class Period").

32.     The Overtime Class Members are so numerous that joinder of all members is impracticable.

33.     Although the precise number of Overtime Class Members is unknown to Plaintiffs, the facts on which the calculation of that number can be based are presently within the

sole control of Defendants.

34.     Upon information and belief, there are in excess of two hundred (200) Overtime Class Members.

35.     There are questions of law and fact common to the claims of Plaintiffs and the claims of the Class, including whether Defendant had a corporate policy of: failing to pay overtime premiums when employees worked in excess of forty (40) hours per week; misclassifying all employees in case manager, case lead, and site manager positions as exempt from overtime notwithstanding the fact that these employees primarily performed non-exempt duties and were not paid a proper "salary"; and making deductions from their employees' purported salary by paying on a pro-rated hourly basis when they worked less than forty (40) hours in a given workweek.

36.     Plaintiffs' claims are typical of the Overtime Class Members' claims, and Plaintiffs will fairly and adequately represent the Class. There are no conflicts between Plaintiffs and the Overtime Class Members and Plaintiffs' counsel are experienced in handling class litigation.

37.     The Second Cause of Action is properly maintainable as a class action under Federal Rules of Civil Procedure 23(b)(3). There are questions of law and fact common to the Class that predominate over any questions solely affecting the individual members of the class, including but not limited to:

a.     whether Defendant employed Plaintiffs and the Overtime Class Members within the meaning of the NYLL;

b.     whether Defendant failed to keep true and accurate time records for all hours worked by Plaintiffs and the Overtime Class Members;

c.  what proof of hours worked is sufficient where employers fail in their duty to maintain time records;

d.  whether Defendant failed and/or refused to pay Plaintiffs and the Overtime Class Members overtime premium pay for hours worked in excess of forty (40) hours per workweek;

e.  whether Defendant misclassified the employees in case manager, case lead, site manager as exempt from overtime;

f.  whether Defendant uniformly classified the positions that comprise the Overtime Class Members as exempt from overtime without regard to their actual job duties;

g.  whether Defendant made deductions from its purported "salaried" employees' wages by paying them on a pro-rated hourly basis when they worked less than forty (40) hours in a given workweek;

h.  whether Defendant's policy of failing to pay workers properly was instituted willfully or with reckless disregard of the law; and

i.  whether Defendant is liable for all damages claimed hereunder, including but not limited to compensatory damages, liquidated damages, interest, costs and disbursements and attorneys' fees.

38.  A class action is superior to other available methods for the fair and efficient adjudication of this litigation – particularly in the context of wage litigation like the present action, where individual plaintiffs lack the financial resources to vigorously prosecute a lawsuit in federal court against corporate defendants. The individual members of the class have no interest or capacity to bring separate actions; Plaintiffs are unaware of any other litigation

concerning this controversy; it is desirable to concentrate the litigation in one case; and there are no likely difficulties that will arise in managing the class action.

## RULE 23 CLASS ALLEGATIONS – NEW YORK LABOR LAW
### FAILURE TO PROVIDE WAGE NOTICE

39.     Pursuant to the NYLL, Plaintiffs bring their Third Cause of Action under Rule 23 of the Federal Rules of Civil Procedure on behalf of themselves and all other employees who were employed by Defendant within New York (the "Wage Notice Class Members") at any time since April 18, 2008 and through the entry of judgment in this case (the "Wage Notice Class Period").

40.     The Wage Notice Class Members are so numerous that joinder of all members is impracticable.

41.     Although the precise number of Wage Notice Class Members is unknown to Plaintiffs, the facts on which the calculation of that number can be based are presently within the sole control of Defendants.

42.     Upon information and belief, there are in excess of four hundred (400) Wage Notice Class Members.

43.     There are questions of law and fact common to the claims of Plaintiffs and the claims of the Class, including whether Defendant had a corporate policy of: failing to provide wage notice to employees at the time of hire and on February 1 of each year.

44.     Plaintiffs' claims are typical of the Wage Notice Class Members' claims, and Plaintiffs will fairly and adequately represent the Class.  There are no conflicts between Plaintiffs and the Wage Notice Class Members and Plaintiffs' counsel are experienced in handling class litigation.

45.     The Third Cause of Action is properly maintainable as a class action under

Federal Rules of Civil Procedure 23(b)(3).  There are questions of law and fact common to the Class that predominate over any questions solely affecting the individual members of the class, including but not limited to:

a.      whether Defendant employed Plaintiffs and the Wage Notice Class Members within the meaning of the NYLL;

b.      whether Defendant failed to provide wage notice to employees at the time of their hire and on February 1 of each year;

c.      whether Defendant's policy of failing to provide wage notice was instituted willfully or with reckless disregard of the law; and

d.      whether Defendant is liable for all damages claimed hereunder, including but not limited to compensatory damages, liquidated damages, interest, costs and disbursements and attorneys' fees.

46.      A class action is superior to other available methods for the fair and efficient adjudication of this litigation – particularly in the context of wage litigation like the present action, where individual plaintiffs lack the financial resources to vigorously prosecute a lawsuit in federal court against corporate defendants.  The individual members of the class have no interest or capacity to bring separate actions; Plaintiffs are unaware of any other litigation concerning this controversy; it is desirable to concentrate the litigation in one case; and there are no likely difficulties that will arise in managing the class action.

## STATEMENT OF FACTS

Defendant's Company

47.      At all relevant times, Defendant has been in the professional consulting industry. According to their website, http://www.prosourcetech.com, Defendant "is a professional

consulting firm specializing in right of way/site acquisition, relocation, environmental, and disaster emergency management services for public and private clients."

48.     Plaintiffs worked for Defendant pursuant to rehabilitation/housing contracts between Defendant and the State of New York.  The contract was awarded pursuant to the NY Rising Program, a program "established to provide additional rebuilding a revitalization assistance to Communities severely damaged by Hurricanes Sandy and Irene and Tropical Storm Lee" to which the State "allocated $25 million for planning in the most affected communities." (*See* http://stormrecovery.ny.gov/community-reconstruction-program)

49.     Upon information and belief, pursuant to the contract between Defendants and the State of New York, Defendants are allocated sixty-five dollars ($65.00) per hour for each hour their employees work.

50.     Defendant ProSource is headquartered in Minnesota and has offices throughout the United States.

51.     Defendant currently has nine (9) offices in New York State: Staten Island, Lawrence, Farmingdale, Melville, Island Park, Freeport, Seaford, West Islip, Patchogue, Albany and Riverhead.

52.     Defendant's contract with the State of New York under the NY Rising Program was terminated in or around April 2, 2014 and Defendant is closing all of its New York office locations.  Defendant expects to lay off all Plaintiffs by June 27, 2014.

53.     At all relevant times, Defendant has been and continues to be an employer engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

54.     Upon information and belief, at all relevant times, the Defendant had gross

revenues in excess of $500,000.00.

55.     At all relevant times, Defendant employed and/or continues to employ Plaintiffs and each Collective Action Member within the meaning of the FLSA, 29 U.S.C. § 203(d).

56.     At all relevant times, Defendant employed and/or continues to employ Plaintiffs and each Class Member within the meaning of the NYLL, §§ 2 and 651.

Plaintiffs' Work for Defendant

57.     Throughout the relevant time period, Plaintiffs' work shifts were designed to cover a "coverage period" of eight in the morning (8:00 am) to eight in the evening (8:00 pm), Monday through Saturday.

58.     From the beginning of Plaintiffs' employment with Defendant until in or around February 2014, Plaintiffs' shifts varied each week within the coverage period.  Plaintiffs typically worked ten (10) or eleven (11) hours per day and sometimes more, at least five (5) days per week, for a total of at least fifty (50) to sixty (60) hours per week.

59.     For their work, Plaintiffs were paid on a purported salary basis based on a forty (40) hour workweek, plus straight-time hourly pay for hours worked over forty (40) in a given workweek.  Upon hiring, Plaintiffs were quoted an annual salary amount and an hourly rate. Plaintiffs' hourly rate was between approximately twenty and twenty-five dollars ($20-25) per hour, including hours worked in excess of forty (40) in a given workweek.

60.     Throughout Plaintiffs' respective employment periods, Plaintiffs have been required to keep track of their hours by logging in to "Deltek" and recording the number of hours worked each day.  From in or around November 2013 through the present, Plaintiffs have also been required to record their hours on sign-in sheets.

61.     Throughout Plaintiffs' employment with Defendant, Plaintiffs were paid at

straight-time rates for all hours worked, regardless of the number of hours worked. Specifically, if Plaintiffs worked fewer than forty (40) hours in a given workweek, they were paid on a pro-rated hourly basis for such hours. Plaintiffs and Overtime Class Members' wages fluctuated based on the quantity of work performed each week.

62.     Notwithstanding the fact that Plaintiffs and Defendant's other similarly situated employees frequently worked well in excess of forty (40) hours in a given workweek, they were not compensated at time-and-a-half their regular rate of pay for hours worked over forty (40) in a given workweek. Defendant's failure to pay Plaintiffs overtime premiums for work performed in excess of forty (40) hours in a week is a corporate policy of Defendant which applied to all of Defendant's case managers, case leads, site managers and other similarly situated employees.

63.     Defendant's decision to classify their employees in case manager, case lead, site manager, and other similarly situated positions as "exempt" was a corporate policy which, upon information and belief, was made uniformly without regard to the actual duties performed by such employees and notwithstanding the fact that these employees primarily perform "non-exempt" work for Defendant.

64.     Throughout Plaintiffs' time as case managers and/or case leads, Plaintiffs' primary responsibilities were "non-exempt" duties including, among other things: meeting with homeowners, collecting documentation, filling out forms based on the information provided by homeowners, and sending out the completed forms for processing. All of Plaintiffs' job duties were performed pursuant to specific policies and procedures set by Defendant.

65.     All of Defendant's case managers and case leads were responsible for providing the same services as Plaintiffs and were similarly classified as exempt from the FLSA's overtime requirements notwistanding the fact that they primarily performed non-exempt job duties and

were not paid on a proper salary basis.

66.     Upon information and belief, all of Defendant's site managers were also primarily responsible for providing basic non-exempt job duties, such as contacting homeowners and scheduling homeowners to meet with case managers at Defendant's office.  Defendant's site managers were similarly classified as exempt from the FLSA's overtime requirements notwistanding the fact that they primarily performed non-exempt job duties.

67.     The work performed by Plaintiffs was performed in the normal course of Defendant's business and was integrated into the business of Defendant.

68.     The work performed by Plaintiffs required little skill and no capital investment.

69.     Plaintiffs' and Defendant's other similarly situated employees' primary job duty does not include the exercise of discretion and independent judgment with respect to matters of significance.

70.     Plaintiffs and Defendant's other similarly situated employees in primary job duties do not require the type of knowledge customarily obtained through an advanced educational degree.

71.     Defendant has simultaneously employed other individuals like Plaintiffs during the Class Period and Collective Action Period and continuing until today, to perform work as case managers, case leads, site managers and similarly situated positions.  As stated, the exact number of such individuals is presently unknown but within the sole knowledge of Defendant and can be ascertained through appropriate discovery, and is believed to be in excess of two hundred (200).

72.     Like Plaintiffs, Defendant's other similarly situated employees were required to work in excess of forty (40) hours per week, yet Defendant failed to pay these other employees

overtime compensation for hours worked in excess of forty (40) hours per week. This refusal to pay overtime compensation for hours worked in excess of forty (40) in a given week was a corporate policy of Defendant that applied to all of Defendant's other case managers, case leads, site managers and similarly situated employees.

73.     Defendant failed to provide Plaintiffs and the Wage Notice Class Members with proper wage notices at the time of hire or on February 1 of each year.

74.     Upon information and belief, Defendant employs approxiamtely four hundred (400) employees within New York State.

**FIRST CAUSE OF ACTION**
**FAIR LABOR STANDARDS ACT – UNPAID OVERTIME**
(Brought on Behalf of Plaintiffs and the Collective Action Members)

75.     Plaintiffs, on behalf of themselves and the Collective Action Members, repeat and reallege each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

76.     By failing to pay Plaintiffs and the Collective Action Members overtime at a rate not less than one and one-half times the regular rate of pay for work performed in excess of forty (40) hours per week, Defendant has violated and continue to violate the FLSA, 29 U.S.C. §§ 201 *et seq.*, including 29 U.S.C. §§ 207(a)(1) and 215(a)(2).

77.     The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

78.     Defendants' failure to pay overtime caused Plaintiffs and the Collective Action Members to suffer loss of wages and interest thereon. Plaintiffs and the Collective Action Members are entitled to recover from Defendants their unpaid overtime compensation, damages for unreasonably delayed payment of wages, liquidated damages, reasonable attorneys' fees, and

costs and disbursements of the action pursuant to 29 U.S.C. § 216(b).

## SECOND CAUSE OF ACTION
## NEW YORK LABOR LAW – UNPAID OVERTIME
### (Brought On Behalf of Plaintiffs and the Overtime Class Members)

79.    Plaintiffs, on behalf of themselves and the Overtime Class Members, repeat and reallege each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

80.    Defendants willfully violated Plaintiffs' and the Overtime Class Members' rights by failing to pay overtime compensation at a rate of not less than one and one-half times the regular rate of pay for hours worked in excess of forty (40) per week, in violation of the NYLL and regulations promulgated thereunder.

81.    Defendant's failure to pay overtime caused Plaintiffs and the Overtime Class Members to suffer loss of wages and interest thereon.  Plaintiffs and the Overtime Class Members are entitled to recover from Defendants their unpaid overtime compensation, damages for unreasonably delayed payment of wages, liquidated damages, reasonable attorneys' fees, and costs and disbursementsof the action pursuant to NYLL §§ 663(1) et al.

## THIRD CAUSE OF ACTION
## NEW YORK LABOR LAW – WAGE NOTICE VIOLATIONS
### (Brought On Behalf of Plaintiffs and the Wage Notice Class Members)

82.    Plaintiffs, on behalf of themselves and the Wage Notice Class Members, repeat and reallege each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

83.    Defendant has willfully failed to supply Plaintiffs and the Wage Notice Class Members notice as required by Article 6, § 195, on the date of hire and February 1 of each year, in English or in the language identified by Plaintiffs and the Wage Notice Class Members as

their primary language, containing Plaintiffs' and Wage Notice Class Members' rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the regular pay day designated by the employer in accordance with NYLL, Article 6, § 191; the name of the employer; or any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; plus such other information as the commissioner deems material and necessary.

84.     Due to Defendants' violations of the NYLL, Plaintiffs and the Wage Notice Class Members are entitled to recover from Defendants fifty dollars ($50) per employee for each workweek that the violations occurred or continue to occur, or a total of twenty-five hundred dollars ($2,500) per employee, as provided for by NYLL, Article 6, §§ 190 *et seq.*, liquidated damages as provided for by the NYLL, reasonable attorneys' fees, costs, pre-judgment and post-judgment interest, and injunctive and declaratory relief.

## **PRAYER FOR RELIEF**

Wherefore, Plaintiffs, on behalf of themselves and all other similarly situated Collective Action Members, Overtime Class Members and Wage Notice Class Members respectfully request that this Court grant the following relief:

a.     Designation of this action as a collective action on behalf of the Collective Action Members and ordering the prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of an FLSA Opt-In Class, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b) and appointing Plaintiffs and their counsel to represent the Collective Action Members;

b.     Certification of this action as a class action pursuant to Fed. R. Civ. P. 23(a), (b)(2) and (b)(3) on behalf of the Overtime Class Members and appointing Plaintiffs and their counsel to represent the Class;

c.   Certification of this action as a class action pursuant to Fed. R. Civ. P. 23(a), (b)(2) and (b)(3) on behalf of the Wage Notice Class Members and appointing Plaintiffs and their counsel to represent the Class;

d.   An order tolling the statute of limitations;

e.   A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the NYLL;

f.   An injunction against Defendant and its officers, agents, successors, employees, representatives and any and all persons acting in concert with Defendant, as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

g.   An award of compensatory damages as a result of the Defendant's willful failure to pay overtime compensation pursuant to the FLSA and the NYLL and supporting regulations;

h.   An award of liquidated and/or punitive damages as a result of the Defendant's willful failure to pay overtime compensation pursuant to the FLSA and the NYLL and supporting regulations;

i.   Fifty dollars ($50) per Plaintiff and each of the Wage Notice Class Members for each workweek that the violations of NYLL, Article 6 § 195 occurred or continue to occur, or a total of twenty-five hundred dollars ($2,500) per Plaintiff and each of the Wage Notice Class Members as provided for by NYLL, Aritlce 6 § 198(1)-b;

j.   An award of prejudgment and post-judgment interest;

k.   An award of costs and expenses of this action together with reasonable attorneys' and expert fees; and

l.   Such other and further relief as this Court deems just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand a trial by jury on all questions of fact raised by the complaint.

Dated: New York, New York
      April 18, 2014

                PELTON & ASSOCIATES PC

                By: _____
                Brent E. Pelton (BP 1055)
                Taylor Graham (TG 9607)
                Alison G. Lobban (AL 4955)
                111 Broadway, Suite 1503
                New York, New York 10006
                Telephone: (212) 385-9700
                Facsimile: (212) 385-0800

                *Attorneys for Plaintiffs and the putative*
                *FLSA Collective and Classes*

April 16, 2014
Page 8

## <u>CONSENT TO BECOME PARTY PLAINTIFF</u>

By my signature below, I hereby authorize the filing and prosecution of claims in my name and on my behalf to contest the failure of ProSource Technologies, LLC and its owners, managers, related companies, subsidiaries, directors, officers, franchisees and affiliates to pay me minimum wages for all hours worked and overtime premiums for work in excess of forty hours per week as required under state and/or federal law.  I authorize the filing of this consent in the action(s) challenging such conduct.  I authorize being named as the representative "Named Plaintiff" in this action to make decisions on behalf of all other plaintiffs concerning the litigation, the method and manner of conducting this litigation, the entering of an agreement with Plaintiff's counsel concerning attorneys' fees and costs, and all other matters pertaining to this lawsuit and agree to act in accordance with the best interest of the class.

_____     4/16/14          Jonathan Hall
Signature                   Date                     Printed Name

April 16, 2014
Page 8

## CONSENT TO BECOME PARTY PLAINTIFF

By my signature below, I hereby authorize the filing and prosecution of claims in my name and on my behalf to contest the failure of ProSource Technologies, LLC and its owners, managers, related companies, subsidiaries, directors, officers, franchisees and affiliates to pay me minimum wages for all hours worked and overtime premiums for work in excess of forty hours per week as required under state and/or federal law.  I authorize the filing of this consent in the action(s) challenging such conduct.  I authorize being named as the representative "Named Plaintiff" in this action to make decisions on behalf of all other plaintiffs concerning the litigation, the method and manner of conducting this litigation, the entering of an agreement with Plaintiff's counsel concerning attorneys' fees and costs, and all other matters pertaining to this lawsuit and agree to act in accordance with the best interest of the class.


_____ 4/16/14          _____
       Signature              Date                    Printed Name

Cerrisa Angel Green

April 16, 2014
Page 8

## CONSENT TO BECOME PARTY PLAINTIFF

By my signature below, I hereby authorize the filing and prosecution of claims in my name and on my behalf to contest the failure of ProSource Technologies, LLC and its owners, managers, related companies, subsidiaries, directors, officers, franchisees and affiliates to pay me minimum wages for all hours worked and overtime premiums for work in excess of forty hours per week as required under state and/or federal law. I authorize the filing of this consent in the action(s) challenging such conduct. I authorize being named as the representative "Named Plaintiff" in this action to make decisions on behalf of all other plaintiffs concerning the litigation, the method and manner of conducting this litigation, the entering of an agreement with Plaintiff's counsel concerning attorneys' fees and costs, and all other matters pertaining to this lawsuit and agree to act in accordance with the best interest of the class.

_____  _7/16/14_          _Nivia M. Wilson_
Signature       Date                              Printed Name

April 16, 2014
Page 8

## CONSENT TO BECOME PARTY PLAINTIFF

By my signature below, I hereby authorize the filing and prosecution of claims in my name and on my behalf to contest the failure of ProSource Technologies, LLC and its owners, managers, related companies, subsidiaries, directors, officers, franchisees and affiliates to pay me minimum wages for all hours worked and overtime premiums for work in excess of forty hours per week as required under state and/or federal law. I authorize the filing of this consent in the action(s) challenging such conduct. I authorize being named as the representative "Named Plaintiff" in this action to make decisions on behalf of all other plaintiffs concerning the litigation, the method and manner of conducting this litigation, the entering of an agreement with Plaintiff's counsel concerning attorneys' fees and costs, and all other matters pertaining to this lawsuit and agree to act in accordance with the best interest of the class.

_____  04/16/14
Signature            Date

Bindy D. De La hoz
Printed Name   Ocampo.

April 16, 2014
Page 8

## CONSENT TO BECOME PARTY PLAINTIFF

By my signature below, I hereby authorize the filing and prosecution of claims in my name and on my behalf to contest the failure of ProSource Technologies, LLC and its owners, managers, related companies, subsidiaries, directors, officers, franchisees and affiliates to pay me minimum wages for all hours worked and overtime premiums for work in excess of forty hours per week as required under state and/or federal law. I authorize the filing of this consent in the action(s) challenging such conduct. I authorize being named as the representative "Named Plaintiff" in this action to make decisions on behalf of all other plaintiffs concerning the litigation, the method and manner of conducting this litigation, the entering of an agreement with Plaintiff's counsel concerning attorneys' fees and costs, and all other matters pertaining to this lawsuit and agree to act in accordance with the best interest of the class.

_____  4-16-14  _____
Signature               Date           Printed Name

April 16, 2014
Page 8

## CONSENT TO BECOME PARTY PLAINTIFF

By my signature below, I hereby authorize the filing and prosecution of claims in my name and on my behalf to contest the failure of ProSource Technologies, LLC and its owners, managers, related companies, subsidiaries, directors, officers, franchisees and affiliates to pay me minimum wages for all hours worked and overtime premiums for work in excess of forty hours per week as required under state and/or federal law.  I authorize the filing of this consent in the action(s) challenging such conduct.  I authorize being named as the representative "Named Plaintiff" in this action to make decisions on behalf of all other plaintiffs concerning the litigation, the method and manner of conducting this litigation, the entering of an agreement with Plaintiff's counsel concerning attorneys' fees and costs, and all other matters pertaining to this lawsuit and agree to act in accordance with the best interest of the class.


_____  4/17/2014          ROBERT M REITH
Signature        Date                 Printed Name

April 16, 2014
Page 8

## CONSENT TO BECOME PARTY PLAINTIFF

By my signature below, I hereby authorize the filing and prosecution of claims in my name and on my behalf to contest the failure of ProSource Technologies, LLC and its owners, managers, related companies, subsidiaries, directors, officers, franchisees and affiliates to pay me minimum wages for all hours worked and overtime premiums for work in excess of forty hours per week as required under state and/or federal law.  I authorize the filing of this consent in the action(s) challenging such conduct.  I authorize being named as the representative "Named Plaintiff" in this action to make decisions on behalf of all other plaintiffs concerning the litigation, the method and manner of conducting this litigation, the entering of an agreement with Plaintiff's counsel concerning attorneys' fees and costs, and all other matters pertaining to this lawsuit and agree to act in accordance with the best interest of the class.


_____        4/16/14           DAVID SCHWARTZBERG
Signature                        Date                       Printed Name

# CONSENT TO BECOME PARTY PLAINTIFF

By my signature below, I hereby authorize the filing and prosecution of claims in my name and on my behalf to contest the failure of ProSource Technologies, LLC and its owners, managers, related companies, subsidiaries, directors, officers, franchisees and affiliates to pay me minimum wages for all hours worked and overtime premiums for work in excess of forty hours per week as required under state and/or federal law. I authorize the filing of this consent in the action(s) challenging such conduct. I authorize being named as the representative "Named Plaintiff" in this action to make decisions on behalf of all other plaintiffs concerning the litigation, the method and manner of conducting this litigation, the entering of an agreement with Plaintiff's counsel concerning attorneys' fees and costs, and all other matters pertaining to this lawsuit and agree to act in accordance with the best interest of the class.

_____        4/18/2014        Nicole Thompson
Signature                      Date              Printed Name

April 17, 2014
Page 8

## CONSENT TO BECOME PARTY PLAINTIFF

By my signature below, I hereby authorize the filing and prosecution of claims in my name and on my behalf to contest the failure of ProSource Technologies, LLC and its owners, managers, related companies, subsidiaries, directors, officers, franchisees and affiliates to pay me minimum wages for all hours worked and overtime premiums for work in excess of forty hours per week as required under state and/or federal law. I authorize the filing of this consent in the action(s) challenging such conduct. I authorize being named as the representative "Named Plaintiff" in this action to make decisions on behalf of all other plaintiffs concerning the litigation, the method and manner of conducting this litigation, the entering of an agreement with Plaintiff's counsel concerning attorneys' fees and costs, and all other matters pertaining to this lawsuit and agree to act in accordance with the best interest of the class.

_____   04/18/14   _____
Signature                 Date       Mona Livai
                                      Printed Name