**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK**

---

| | |
|---|---|
| **JONATHAN HALL, CERRISA ANGEL GREEN, NIVIA WILSON, SINDY DE LA HOZ OCAMPO, TIFFANY GUADALUPE, ROBERT REITH, DAVID SCHWARTZBERG, NICOLE THOMPSON, MONA LIVAI, JEFFREY CRUICKSHANK, ANDREW DEARDORFF and LAURA SHAW, Individually and on Behalf of All Others Similarly Situated,**<br><br>*Plaintiffs,*<br><br>-against-<br><br>**PROSOURCE TECHNOLOGIES, LLC, JASON ALT, SCOTT STENGER and GREGORY WHEELER, Jointly and Severally,**<br><br>*Defendants.* | **2:14 Civ. 02502 (SIL)** |

---

**[PROPOSED] ORDER GRANTING PLAINTIFFS' MOTION FOR
PRELIMINARY APPROVAL OF CLASS AND COLLECTIVE SETTLEMENT**

The above-captioned matter came before the Court on Plaintiffs' Motion for Preliminary Approval of Class Settlement ("Motion for Preliminary Approval").

**I.     Background and Procedural History**

1.      The parties' proposed settlement resolves all claims in the action entitled *Hall et al. v. ProSource Technologies, LLC, et al.*, E.D.N.Y. Case No. 2:14 Civ. 02502 (SIL), which is currently pending before this Court.

2.      The Plaintiffs in this action allege that ProSource Technologies, LLC, Jason Alt, Scott Stenger and Gregory Wheeler (collectively "ProSource" or "Defendants") failed to pay overtime premium pay for all hours worked over forty (40) in a given workweek in violation of the Fair Labor Standards Act ("FLSA"), New York Labor Law ("NYLL"), Iowa Wage Payment

Collection Act ("IWPCA") and Minnesota Fair Labor Standards Act ("MFLSA"), failed to provide sixty (60) or ninety (90) days advanced notice in violation of the Federal and New York State WARN Acts and failed to provide wage notices in violation of the NYLL.

3.      On April 18, 2014 the Named Plaintiffs filed their Complaint as a putative class action under Fed. R. Civ. P. 23, on May 30, 2014, the Named Plaintiffs filed an Amended Complaint and on July 3, 2014, the Named Plaintiffs filed their Second Amended Complaint. *See* Dkt Nos. 1, 43, 75. The Named Plaintiffs were case managers, case leads, site managers, paralegals, right of way specialists, title examiners, project managers and real estate specialists who worked for ProSource who allege that they were not compensated at time and a half for all overtime work, were not provided ninety (90) days advanced notice of a plant closing and were not provided wage notices.  Defendants filed their Answer to the Second Amended Complaint on July 24, 2014, wherein they disputed the material allegations and denied liability. *See* Dkt No. 83.

**II.      Preliminary Approval of Settlement**

4.      Based upon the Court's review of the Plaintiffs' Memorandum of Law in Support of Plaintiffs' Motion for Preliminary Approval of Class Settlement, the Declaration of Brent E. Pelton ("Pelton Declaration"), and all other papers submitted in connection with Plaintiffs' Motion for Preliminary Approval, the Court grants preliminary approval of the settlement memorialized in the Settlement Agreement and Release ("Settlement Agreement"), attached to the Pelton Declaration as **Exhibit B**.

5.      The Settlement Agreement sets forth that ProSource agrees to pay a total gross Settlement Amount of $1,125,000 to settle this Action (the "Settlement Amount"). (Ex. B (Settlement Agreement) ¶¶ 1.33, 3.1(A); Pelton Decl. ¶ 19)  The Settlement Amount covers class

and collective action members' awards, Named Plaintiffs' service awards and attorneys' fees and costs. (*Id*.)

6.      Named Plaintiffs, Opt-In Plaintiffs and any New York Class Member who has completed a Claim Form and returned the Claim Form in the manner and time period set forth in the Claim Form and who do not opt out of the settlement ("Qualified Settlement Recipients") will be eligible to receive a monetary award from the Settlement Amount. (Ex. B (Settlement Agreement) ¶ 1.28; Pelton Decl. ¶ 19)

7.      Any settlement checks that are not processed within (120) days of the date of mailing (and for those who do not request a replacement check within ninety (90) days of the end of the Acceptance Period) as well as the portion of the Settlement Amount allocated to any Class Member who decides to opt out of the Settlement shall remain with Defendants. (Ex. B. (Settlement Agreement) ¶¶ 1.2, 3.1 (D); Pelton Decl. ¶ 21)

8.      A Qualified Settlement Recipient's settlement allocation shall be determined by whether the individual has alleged wage notice claims, overtime claims and/or WARN Act claims.  For purposes of allocation, the settlement agreement sets forth that Qualified Settlement Recipients who have wage notice claims are Wage Notice Subclass Members, Qualified Settlement Recipients who have overtime claims are Overtime Plaintiffs, which includes both Collective Action Members and Overtime Subclass Members, and Qualified Settlement Recipients who have WARN Act Claims are WARN Act Subclass Members.  (Ex. B (Settlement Agreement) ¶¶ 1.22, 1.36, 1.38); Pelton Decl. ¶ 22) The Settlement Amount less attorneys' fees, costs, and service awards ("Net Settlement Amount") will be distributed as follows: 75% to all Overtime Plaintiffs; 20% to all WARN Act Subclass Members and 5% to all Wage Notice Subclass Members. (Ex. B (Settlement Agreement) ¶¶ 1.25, 1.35, 1.37; Pelton Decl. ¶ 22) If the

Qualified Settlement Recipient is an Overtime Plaintiff, his or her allocation will be based on: (a) if the Qualified Settlement Recipient is an Overtime Subclass Member, the number of overtime hours he or she worked in New York from January 1, 2013 through August 7, 2015 and (b) if the Qualified Settlement Recipient is a Collective Action Member, the number of overtime hours he or she worked from the first day of the first payroll week following the date that is three (3) years prior to their filing their opt-in form through August 7, 2015 (as reflected in a confidential document exchanged by the Parties) as a percentage of the total number of overtime hours worked by all Overtime Plaintiffs during the above specified time periods (who are also Qualified Settlement Recipients). (Ex. B (Settlement Agreement) ¶ 3.4(B); Pelton Decl. ¶ 22) If the Qualified Settlement Recipient is a WARN Act Subclass Member, his or her allocation will be based on the number of business days prior to July 9, 2014 that the individual's employment was terminated by ProSource (as reflected in such confidential document) as a percentage of the total number of business days prior to July 9, 2014 that all WARN Act Subclass Members (who are also Qualified Settlement Recipients) employment was terminated. (*Id.*) If the participating Qualified Settlement Recipient is a Wage Notice Subclass Member, his or her allocation will be based on the number of weeks he or she was employed by ProSource in New York during the Relevant Time Period (as reflected in such confidential document) as a percentage of the total number of weeks of employment by ProSource for all Wage Notice Subclass Members (who are also Qualified Settlement Recipients) in New York. (*Id.*)

9.     The approval of a proposed class action settlement is a matter of discretion for the trial court. *Maywalt v. Parker & Parsley Petroleum Co.*, 67 F.3d 1072, 1079 (2d Cir. 1998).  In exercising this discretion, courts should give "proper deference to the private consensual decision of the parties." *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1027 (9th Cir. 1988).  "In

evaluating the settlement, the Court should keep in mind the unique ability of class and defense counsel to assess the potential risks and rewards of litigation . . . ." *In re BankAmerica Corp. Sec. Litig.*, 210 F.R.D. 694, 700 (E.D. Mo. 2002).

10.    Preliminary approval, which is what Plaintiffs seek here, is the first step in the settlement process.  It simply allows notice to issue to the class and for class members to object or opt-out of the settlement.  After the notice period, the Court will be able to evaluate the settlement with the benefit of the class members' input.

11.    Preliminary approval of a settlement agreement requires only an "initial evaluation" of the fairness of the proposed settlement on the basis of written submissions and an informal presentation by the settling parties. Herbert B. Newberg & Alba Conte, *Newberg on Class Actions* ("*Newberg*") § 11.25 (4th ed. 2002). To grant preliminary approval, the Court need only find that there is "'probable cause' to submit the [settlement] to class members and hold a full-scale hearing as to its fairness." *In re Traffic Executive Ass'n*, 627 F.2d 631, 634 (2d Cir. 1980). If, after a preliminary evaluation of the proposed settlement, the Court finds that it "appears to fall within the range of possible approval," the Court should order that the class members receive notice of the settlement. *Newberg* § 11.25.

12.    The Court concludes that the proposed Settlement Agreement (including the allocation formula in the Settlement Agreement ("Allocation Formula")) is within the range of possible final settlement approval.  Therefore, notice to the Class is appropriate.

13.    The Court finds that the Settlement Agreement is the result of extensive, arm's-length negotiations by counsel well-versed in the prosecution of wage and hour class and collective actions.

14.     Private mediator Ruth Raisfeld assisted the parties with settlement negotiations and presided over a lengthy mediation session. This reinforces the non-collusive nature of the settlement. *O'Dell v. AMF Bowling Ctrs., Inc.*, No. 09 Civ. 759, 2009 U.S. Dist. LEXIS 85954, at *3 (S.D.N.Y. Sept. 18, 2009).

## III.    Conditional Certification of the Proposed Rule 23 Settlement Class and Subclasses and Conditional Extension of the FLSA Collective Action Class

15.     Provisional settlement class certification and appointment of class counsel have several practical purposes, including avoiding the costs of litigating class status while facilitating a global settlement, ensuring notification of all New York Class and Collective Members of the terms of the proposed Settlement Agreement, and setting the date and time of the final approval hearing. *See, e.g., Westerfield v. Washington Mut. Bank*, No. 06 Civ. 2817, No. 08 Civ. 287, 2009 U.S. Dist. LEXIS 54553 (E.D.N.Y. June 26, 2009) (conditionally certifying a multi-state wage and hour settlement class and granting preliminary approval to nationwide wage and hour settlement).

16.     The Court provisionally certifies the following class under Federal Rule of Civil Procedure 23, for settlement purposes ("New York Class"):

> all persons who were employed by ProSource in New York during the relevant statute of limitations period, with the exception of individual named defendants Gregory Wheeler, Jason Alt and Scott Stenger and persons in the following job titles: Director of Operations, Director of Environmental Services, Director of Human Resources, Director of Business Development and IT Manager.

17.     The Court provisionally certifies the following subclasses under Federal Rule of Civil Procedure 23, for settlement purposes:

> (a) <u>Overtime Subclass</u>: all New York Class Members who were classified by ProSource as "exempt" employees under the NYLL and who worked over forty (40) hours in a week and were not paid time and a half their regular hourly rate for these hours worked over forty (40) in a week, including but not limited to: case managers, case leads/lead case managers, site managers, paralegals, right of

way specialists, title examiners, project managers and real estate specialists. Excluded from "Overtime Subclass" are Collective Action Members.

(b) <u>Wage Notice Subclass</u>: all New York Class Members who did not at the beginning of their employment in New York receive a wage notice in the form prescribed by the New York Department of Labor.  Collective Action Members who were employed by ProSource in New York will only be Wage Notice Subclass Members for the period of time that they were employed by ProSource in New York.

(c) <u>WARN Act Subclass</u>: all New York Class Members whose employment was terminated by ProSource between May 30, 2014 and July 9, 2014.

18.     Defendants have agreed not to contest, for the purpose of achieving settlement only, that the requirements for class certification under Federal Rule of Civil Procedure 23 have been met.  On that basis, Plaintiffs and the proposed class and subclasses each meet all of the requirements for class certification under Federal Rule of Civil Procedure 23(a) and (b)(3). Subject to qualification:

a.     Plaintiffs and the proposed class and subclasses each satisfy Federal Rule of Civil Procedure 23(a)(1) because there are more than forty (40) Rule 23 Class and Subclass Members and, thus, joinder is impracticable. *See Consol. Rail Corp. v. Town of Hyde Park*, 47 F.3d 473, 483 (2d Cir. 1995) ("[N]umerosity is presumed at a level of 40 members.")

b.     Plaintiffs and the proposed class and subclasses each satisfy Federal Rule of Civil Procedure 23(a)(2) because Plaintiffs and the Class and Subclass Members share common issues of fact and law, including whether Defendants violated the wage and hour laws by (a) failing to provide wage notices to the New York Class and Wage Notice Subclass Members in the form prescribed by the Department of Labor Regulations; (b) failing to pay overtime at time and a half Plaintiffs and Overtime Subclass Members' regular hourly rate; and/or (c) failing to provide sixty (60) or ninety (90) days advanced notice of plant closing to the

WARN Act Subclass Members. *See Flores v. Anjost Corp.*, 2014 U.S. Dist. LEXIS 11026, at *8 (S.D.N.Y. Jan. 29, 2014).

       c.      Plaintiffs and the proposed class and subclasses satisfy Federal Rule of Civil Procedure 23(a)(3) because Plaintiffs' claims for: (a) failure to provide wage notices in the form prescribed by the New York State Department of Labor arise from the same factual and legal circumstances that form the bases of the New York Class Members and Wage Notice Subclass Members' claims; (b) failure to pay overtime wages at time and a half the regular hourly rate arise from the same factual and legal circumstances that form the basis of the Overtime Subclass Members' claims; and (c) failure to provide sixty (60) or ninety (90) days advanced notice of plant closing arise from the same factual and legal circumstances that form the basis of the WARN Act Subclass Members' claims. *See Westerfield*, 2009 U.S. Dist. LEXIS 54553, at *7; *Reyes*, 2009 U.S. Dist. LEXIS 45277, at *6.

       d.      Plaintiffs and the proposed class and subclasses each satisfy Federal Rule of Civil Procedure 23(a)(4) because Plaintiffs' interests are not antagonistic or at odds with Class or Subclass Members. *See Toure v. Cent. Parking Sys.*, No. 05 Civ. 5237, 2007 U.S. Dist. LEXIS 74056, at *18-19 (S.D.N.Y. Sept. 28, 2007); *Martens v. Smith Barney Inc.*, 181 F.R.D. 243, 259 (S.D.N.Y. 1998) ("[O]nly a conflict that goes to the very subject matter of the litigation will defeat a party's claim of representative status.") (internal quotations and citations omitted). Plaintiffs' counsel also meet the adequacy requirement of Rule 23(a)(4) because they have substantial experience handling large scale wage and hour class and collective actions.

       e.      Plaintiffs and the proposed class and subclasses each also satisfy Federal Rule of Civil Procedure 23(b)(3). Common factual allegations and a common legal theory predominate over any factual or legal variations among class and subclass members. *See Flores*,

2014 U.S. Dist. LEXIS 11026 *9. Class adjudication of this case is superior to individual adjudication because it will conserve judicial resources and is more efficient for Class and Subclass Members, particularly those who lack the resources to bring their claims individually. *See id.*; *Damassia*, 250 F.R.D. at 161, 164.

19.      The Court previously granted conditional certification, pursuant to a stipulation and request by the parties, for a collective class consisting of "all persons employed by ProSource Technologies, LLC or ProSource Technologies, Inc. (collectively, "ProSource") at any time between September 5, 2011 and the date of this Order who were classified by Defendants as "exempt" under the Fair Labor Standards Act, including, but not limited to, case managers, case leads/lead case managers, site managers, paralegals, right of way specialists, title examiners, project managers, real estate specialists." *See* Dkt. 108.

**IV.      Appointment of Plaintiffs' Counsel as Class and Collective Counsel**

20.      The Court appoints Pelton & Associates, PC ("Plaintiffs' Counsel") as Class and Collective Counsel because they meet all of the requirements of Federal Rule of Civil Procedure 23(g). *See Damassia*, 250 F.R.D. at 165 (explaining that Rule 23(g) requires the court to consider "the work counsel has done in identifying or investigating potential claims in the action, . . . counsel's experience in handling class actions, other complex litigation, and claims of the type asserted in the action, . . . counsel's knowledge of the applicable law, and . . . the resources counsel will commit to representing the class") (internal quotation marks omitted).

21.      Plaintiffs' Counsel did substantial work identifying, investigating, and settling Plaintiffs' and the Class and Collective Members' claims. (Pelton Decl. ¶¶ 9-13).

22.      Pelton & Associates, PC are skilled and experienced employment class action lawyers.  They have extensive experience prosecuting and settling wage and hour class and

collective actions. (*Id*. at ¶¶ 4-5) The work that Plaintiffs' Counsel has performed both in litigating and settling these cases demonstrates their commitment to the class and to representing the class's interests.

## V.     Notice and Claim Form

23.     The Court approves the Notice of Proposed Settlement of Class and Collective Action Lawsuit and Fairness Hearing ("Proposed Settlement Notice"), Deadline Reminder Notice ("Reminder Notice") and Claim Form, attached to the Notice of Motion as Exhibits 1, 2 and 3.

24.     The content of the Proposed Settlement Notice fully complies with due process and Federal Rule of Civil Procedure 23.

25.     Pursuant to Federal Rule of Civil Procedure 23(c)(2)(B), a notice must provide:

> the best notice practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort. The notice must concisely and clearly state in plain, easily understood language: the nature of the action; the definition of the class certified; the class claims, issues, or defenses: that a class member may enter an appearance through counsel if the member so desires; that the court will exclude from the class any member who requests exclusion, stating when and how members may elect to be excluded; and the binding effect of a class judgment on class members under Rule 23(c)(3).

26.     The Proposed Settlement Notice says each of these requirements and adequately puts Rule 23 Class Members on notice of the proposed settlement. S*ee, e.g., In re Michael Milken & Assocs. Sec. Litig.*, 150 F.R.D. 57, 60 (S.D.N.Y. 1993) (class notice "need only describe the terms of the settlement generally").  The Proposed Settlement Notice is appropriate because it describes the terms of the settlement, informs the Class and Collective Members about the allocation of attorneys' fees, and provides specific information regarding the date, time, and place of the final approval hearing.

27.     The Proposed Settlement Notice is reasonable and constitutes due, adequate and sufficient notice to the Rule 23 Class Members.

28.     The Court hereby adopts the following settlement approval process, which safeguards Class Members' procedural due process rights, enables the Court to fulfill its role as the guardian of class interests, and is consistent with the standard procedure for evaluating class action settlements, *See* Fed. R. Civ. P. 23(e); *Newberg* §§ 11.22 et seq.; *Damassia v. Duane Reade*, No. 04 Civ. 8819, No. 04 Civ.2295, 2009 U.S. Dist. LEXIS 77489 (S.D.N.Y. July 24, 2009) (granting final approval of class action settlement after preliminary approval, notice and fairness hearing):

a.     Defendant provides Class and Collective Counsel with a list, in electronic form, of the names, dates of employment with ProSource, and last known addresses of all Class and Collective Members (the "Class List") within ten (10) days of this Order.

b.     Within fifteen (15) days of this Order, Class and Collective Counsel will mail to all class and collective members, the Notice and Claim Form.

c.     Class and Collective Members will have forty-five (45) days after the date the Notice is mailed to submit an opt-out statement, and/or to object to the settlement.

d.     New York Class Members will have ninety (90) days after the date the Notice and Claim Form are mailed to submit their Claim Form.

e.     The Court will hold a final fairness hearing on _____ at _____ [insert date approximately 75 days from Preliminary Approval Order] at the United States Courthouse for the Eastern District of New York, 100 Federal Plaza, Central Islip, New York 11722.

f.     No later than twenty-one (21) days prior to the fairness hearing, Plaintiffs will prepare and file a Motion for Final Approval of the Settlement, together with a motion seeking the payment of attorneys' fees, costs, and service awards.

g.     If the Court grants the Plaintiffs' Motion for Final Approval of the Settlement, the Court will issue a Final Order and Judgment for Dismissal.

h.      The first round of settlement checks will be sent to Class and Collective Counsel within fifteen (15) calendar days following the Effective Date (as defined in the Settlement Agreement).

i.      The second and final round of settlement checks will be sent to Class and Collective Counsel within nine (9) months of the first round of settlement checks.

j.      Class and Collective Counsel will mail settlement checks to Qualified Class Members within three (3) days of each receipt of settlement checks.

It is so ORDERED this ___ day of _____, 2015.


_____
Honorable Steven I. Locke
United States Magistrate Judge

12